## SCHLESINGER v. THALMESSINGER.

(Supreme Court, Appellate Term. April 24, 1905.)

1. BILL OF PARTICULARS—ORDER AFTER SERVICE.
   Defendant having served a bill of particulars of his counterclaim before argument of the motion therefor, and it being retained by plaintiff, and having complied with the demand in most particulars, the order should not be that the motion be granted, but an order requiring a further bill should be made.

2. SAME—ORDER AS TO EVIDENCE.
   An order for a bill of particulars of a counterclaim should not provide that, in default of service thereof, defendant be precluded from giving evidence of the counterclaim.

Appeal from City Court of New York, Special Term.

Action by Leo Schlesinger, receiver of the Federal Bank of New York, against Meyer Thalmessinger, on notes given by defendant to the bank. Defendant counterclaimed for the reasonable value of services in furnishing the bank with the names of parties to correspond with, to induce them to become borrowers or depositors of the bank, and in giving advice and counsel to the officers of the bank, and for commissions on accounts opened with

the bank through his efforts. From an order granting plaintiff's motion· for a bill of particulars of the counterclaim—the order concluding that, in default of service of the bill of particulars, defendant be precluded from giving any evidence of the matters set forth in the counterclaim—defendant ap-· peals. Modified.

See 92 N. Y. Supp. 575.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

R. L. Pritchard, for appellant.

Kneeland, La Fetra & Glaze (George W. Glaze, of counsel), for respondent.

PER CURIAM. The practice below was erroneous. The defendant having served a bill before the argument, and that bill being retained by the plaintiff, and concededly containing a compliance with the demand in most particulars, the proper practice was to· move for a further bill, or to enter an order requiring merely a further bill. In addition to the items furnished, the defendant should have given, so far as may be, the names and addresses of those who it is claimed opened accounts with the Federal Bank, and to further itemize the value of the services; separating commission items from those claimed as the basis of a quantum meruit, and grouping the latter under general heads. The last paragraph of the order should be stricken out. The question of exclusion of testimony was not before the court.

Order modified as indicated in the opinion, and, as modified, affirmed, without costs.